UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EDWARDS, #322087

        Plaintiff,

vs.                                                                          CIVIL NO:06-14390

CITY OF DETROIT POLICE DEPT.,
SHAWN STALLARD, MICAH HALL,
JOHN BOYLE                                                      HON. MARIANNE O. BATTANI
                                                                                MAG. JUDGE STEVEN D. PEPE
        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. #19),
GRANTING PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY (DKT. #16)
AND DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY (DKT. #20)**

On March 30, 2007, Plaintiff filed his "Motion For Order Compelling Discovery," in which he seeks documents, policies and procedures related to his alleged claims against the named Defendants in this case and requests that pursuant to Fed. R. Civ. P. 37(a)(4) Defendants be ordered to pay Plaintiff $300.00 as reasonable expenses incurred in brining this motion (Dkt. #16).[1] All pre-trial proceedings have been referred to the undersigned (Dkt. #14). On April 10, 2007, Defendants filed their response to Plaintiff's motion, in which defense counsel "stipulated

---

[1] Plaintiff filed an identical motion for both Dkt. #16 and Dkt. #20. Because both motions contain the same requests, **IT IS ORDERED THAT** the Court will only consider Dkt. #16 and Dkt. #20 is thereby **DENIED.**

1

to the entry of an order to provide Plaintiff with answers to outstanding discovery on or before April 30, 2007" (Dkt. #21).  Accordingly, Plaintiff's motion is **GRANTED** and it is **ORDERED** that Defendants shall provide Plaintiff with answers to all outstanding discovery requests on or before April 30, 2007**.**

Moreover, the Federal Rules provide for sanctions relating to a party's failure to make disclosures or cooperate in discovery:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in the making the motion, including attorney fees.

Fed. R. Civ. P. 37 (a)(4)

In this case, Defendants have failed to respond in a timely fashion to Plaintiff's discovery requests or provide adequate reasons why they failed to do so.  The only excuse that defense counsel has provided for his failure to respond to Plaintiff's discovery requests is that he has been involved in "several high profile, fact intensive, litigation matters."  Such a blanket statement without further detail does not sufficiently justify Defendants failure to participate in timely discovery.  Having granted Plaintiff' s Motion to Compel, reasonable expenses incurred in filing the motion are appropriate pursuant to Rule 37(a)(4).

Yet, Plaintiff has not itemized his expenses in bring this motion.  A *pro se* litigant who is not an attorney is not entitled to attorney's fees. *Wright v. Crowell,* 674 F.2d 521, 522 (6th Cir. 1982)*, Kay v. Ehrler,* 499 U.S. 432, 435 (1991), expands this rule to a *pro se* litigant who also is an attorney.  Thus, Plaintiff is only entitled to costs.  Therefore, Defendants, or defense counsel, are **ORDERED** to pay Plaintiff reasonable costs in an amount to be determined, and on or before

May 15, 2007, Plaintiff shall provide the Court an itemized statement of his costs in bring this motion, but he cannot claim any compensation for his time.

On April 6, 2007, Plaintiff also filed his "Motion For Appointment of Counsel" (Dkt. #19). Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. Id.; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint alleges that he was subjected to a non consensual search of his home and his person conducted without a warrant, and was illegally confined in prison for a period of eight months. The factual issues raised by Plaintiff are clear and straightforward. Plaintiff has demonstrated in his complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in pro bono cases without payment. Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Dated**:** April 13, 2007          s/ Steven D. Pepe
Ann Arbor, MI               United States Magistrate Judge


**CERTIFICATE OF SERVICE**

This is to certify that on **April 13, 2007** , I electronically filed the foregoing Scheduling Order with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties: Jacob Schwarzberg, Esq., and I hereby certify that I have mailed a copy of the Scheduling Order to the following non-ECF parties: Anthony Edwards #322087, Oaks Correctional Facility, 1500 Caberfae Hwy., Manistee, MI 49660.

                    s/ James P. Peltier
                    James P. Peltier
                    Courtroom Deputy Clerk
                    U.S. District Court
                    600 Church St.
                    Flint, MI 48502
                    810-341-7850
                    pete_peltier@mied.uscourts.gov