UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY EDWARDS, #322087

        Plaintiff,

vs.                                        CIVIL NO:06-14390

CITY OF DETROIT POLICE DEPT.,
SHAWN STALLARD, MICAH HALL,
JOHN BOYLE                        HONORABLE MARIANNE O. BATTANI
                                                HONORABLE STEVEN D. PEPE
        Defendants.
_____/


**ORDER GRANTING COSTS ON MARCH 30, 2007, MOTION TO COMPEL (Dkt. #16)
&
GRANTING PLAINTIFF'S MOTION TO IMPOSE
SANCTIONS FOR FAILURE TO COMPLY (Dkt. #27)**

On March 30, 2007, Plaintiff filed his "Motion For Order Compelling Discovery," in which he sought documents, policies and procedures related to his alleged claims against the named Defendants in this case and requested that pursuant to Fed. R. Civ. P. 37(a)(4) Defendants be ordered to pay Plaintiff $300.00 as reasonable expenses incurred in brining his motion (Dkt. #16).[1] On April 13, 2007, the Court granted Dkt. #16 ordering production of the discovery by April 30, 2007, and denied the duplicate Dkt. #20 as moot. In addition Defendants, or defense counsel, were ordered to pay Plaintiff reasonable costs in an amount to be determined. Plaintiff was required on or before May 15, 2007, to provide the Court an itemized statement of his costs

---

[1] Plaintiff filed an identical motion for both Dkt. #16 and Dkt. #20. Because both motions contain the same requests.

1

in bringing this motion, excluding any compensation for his time.

In a May 1, 2007, affidavit Plaintiff claimed as expenses:

| | |
|---|---|
| $ 10.85 | Stationary Material |
| $ 21.00 | Photo Copies |
| $ 265.00 | In house typing |
| $ 3.25 | Mailing |

On May 14, 2007, defense counsel did not object to the stationary, copying and mailing expenses, but did object to the $265 for typing a two page motion (Dkt. #26). He noted that the maximum one hour task should be paid for at $6.95/hour minimum wage. In a later submission on another Motion for Sanctions discussed below, counsel notes that, on information and belief, the Michigan Department of Corrections pays inmates to type legal documents at the Oaks Correctional Facility, where Plaintiff is housed.

On May 14, 2007, Plaintiff filed his latest motion to impose sanctions on Defendants for failure to comply with this Court's April 13, 2007, Order requiring Defendants to provide Plaintiff with answers to outstanding discovery on or before April 30, 2007 (Dkt. #27). Defendants filed their response opposing Plaintiff's motion on May 25, 2007 (Dkt. #30). All pre-trial proceedings have been referred (Dkt. #14).

For the reasons indicated below, Plaintiff's motion to impose sanctions is **GRANTED**.

In response to Plaintiff's March 30, 2007, motion to compel Defense counsel "stipulated to the entry of an order to provide Plaintiff with answers to outstanding discovery on or before April 30, 2007." But sanctions were awarded under Fed. R. Civ. P. 37 (a)(4) [2] because defense

---

[2] If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct

counsel's excuse for not attending to his discovery obligations in this case in a timely manner were preempted by his need to spend time on other cases (Dkt. #21). This "other cases demanded my attention" position was not considered a substantial justification nor sufficient cause under Fed. R. Civ. P. 37(a)(4)(A) not to award reasonable sanctions. It was ordered that Defendants provide Plaintiff with answers to all outstanding discovery requests on or before April 30, 2007.

In Defendants' response to the present motion, they admit that they did not comply with this Court's April 13, 2007, Order. In pertinent part, Defendants state:

> 1. On April 13, 2007, the Court issued an Order that the Defendants serve Plaintiff with outstanding discovery documents on or before April 30, 2007.
>
> 2. On May 14, 2007, Plaintiff's Motion to Impose Sanctions because he had not received the outstanding 2007, was filed with the Court.
>
> 3. On May 17, 2007, the Court issued an Order requiring Defendants to Respond to Plaintiff's Motion within 14 days after service; May 28, 2007, which is the subject of the present pleading.
>
> 4. Defense counsel represents to this court that on May 15, 2007, the outstanding discovery documents were mailed to Plaintiff; they were 15 days over due.

Defense counsel indicates that the failure to provide Plaintiff with the outstanding discovery was "simply an administrative - time management issue," and that prior to and shortly after April 30, 2007, Defense counsel "concentrated his time and focus on preparing Facilitation

---

or both of them to pay to the moving party the reasonable expenses incurred in the making the motion, including attorney fees, unless . . . the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (a)(4).

Summaries for two Facilitation Hearings involving wrongful death claims." He states further that "while dealing with the above two fact intensive cases and other litigation responsibilities, defense counsel was unavoidably distracted, temporarily, from reviewing this case, for the purpose of checking and following up on outstanding discovery."

Similarly, in response to Plaintiff's motion to compel, Defense counsel indicated that his failure to timely respond to Plaintiff's discovery requests was because he was involved in "several high profile, fact intensive, litigation matters." In the Court's April 13, 2007, Order, Defense counsel was warned that such a blanket statement without further detail did not sufficiently justify Defendants failure to participate in timely discovery. While Defense counsel has now provided added details as to why he has continued to fail to timely answer Plaintiff's discovery requests, in violation of his own stipulated request and the Order of this Court, it is insufficient to justify yet another delay in completing timely discovery. This position is not considered a substantial justification nor sufficient cause under Fed. R. Civ. P. 37(b)(2) not to award reasonable sanctions. Accordingly, pursuant to Rule 37(b), which provides for sanctions for failure to comply with a court order, sanctions are appropriate for reasonable expenses incurred by Plaintiff in making the motion.

Plaintiff has provided an itemized statement detailing his expenses in bringing this motion, in which he asks for costs in the amount of $70 for typing and $1.26 for mailing . A *pro se* litigant is not entitled to attorney's fees. *Wright v. Crowell,* 674 F.2d 521, 522 (6th Cir. 1982)*, Kay v. Ehrler,* 499 U.S. 432, 435 (1991), expands this rule to a *pro se* litigant who also is an attorney. Thus, Plaintiff is only entitled to costs.

Plaintiff's March 30, 2007 motion involved only 2 typewritten pages for which he seeks

$265. His current May 14, 2007, motion is about 7 1/2 pages of typewritten text on 10 pages for which he seeks $70 for typing and $1.26 in postage. Without further documentation from Plaintiff on his actual payments for typing, such as charges against his MDOC prisoner's account, the payment for typing will be $5/page of text, or $10 on the March 30 motion and $37.50 for the May 14 motion.

Expenses awarded on the March 30 motion are:

| | |
|---|---|
| $ 10.85 | Stationary Material |
| 21.00 | Photo Copies |
| 10.00 | In house typing |
| 3.25 | Mailing |
| $ 45.10 | |

Expenses awarded on the May 14, 2007 motion are:

| | |
|---|---|
| $37.59 | In house typing |
| 1.26 | Mailing |
| $ 38.85 | |

Therefore, Defendants or defense counsel shall pay Plaintiff $83.95 in expenses for the March 30 and May 14 motions on or before June 30, 2007.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Dated**:** June 1, 2007    s/ Steven D. Pepe
Ann Arbor, MI    United States Magistrate Judge


**CERTIFICATE OF SERVICE**

This is to certify that on June 1, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties: Jacob Schwarzberg, Esq., and I hereby certify that I have mailed a copy of the paper to the following non-ECF parties: Anthony Edwards #322087, Oaks Correctional Facility, 1500 Caberfae Hwy., Manistee, MI 49660.

    s/ James P. Peltier
    James P. Peltier
    Courtroom Deputy Clerk
    U.S. District Court
    600 Church St.
    Flint, MI 48502
    810-341-7850
    pete_peltier@mied.uscourts.gov